IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CHRISTOPHER PATTERSON,                *

    Plaintiff,                    *

vs.                                   *

COMMUNITY HEALTH SYSTEMS, INC.,       *     CASE NO. 3:17-CV-76 (CDL)
CHSPSC, LLC, QUORUM HEALTH
CORPORATION, QUORUM HEALTH            *
RESOURCES, LLC, and CLEARVIEW
REGIONAL MEDICAL CENTER               *

    Defendants.                   *

O R D E R

Defendants Quorum Health Corporation ("Quorum Health") and Community Health Systems, Inc. ("Community Health") are parent holding companies that own subsidiaries that transact business in Georgia. Plaintiff has sued the Georgia subsidiaries for violating Title I of the Patient Protection and Affordable Care Act of 2010, 42 U.S.C. § 18111 *et seq.*; Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.*; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* Plaintiff also seeks to hold the parent holding companies liable for these violations.

Quorum Health and Community Health claim that they do not "[t]ransact[] any business" in Georgia as required for personal jurisdiction under Georgia's long-arm statute, O.C.G.A. § 9-10-

91. They therefore seek dismissal of Plaintiff's Complaint against them.

To establish personal jurisdiction over nonresident corporations such as Quorum Health and Community Health, Plaintiff must demonstrate that they are covered by Georgia's long-arm statute *and* that the exercise of jurisdiction does not offend due process. *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1259 (11th Cir. 2010); *see Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 620 S.E.2d 352, 354 (Ga. 2005) (stating that nonresident defendants must commit certain acts "delineated by the [long-arm] statute" to be subject to personal jurisdiction in Georgia "notwithstanding that these [statutory] limiting conditions may preclude a Georgia court from exercising personal jurisdiction over the nonresident to the fullest extent permitted by constitutional due process"). The inquiry under the long-arm statute is separate from the due process analysis. *Diamond Crystal Brands*, 593 F.3d at 1254. Thus, the Court begins with the Georgia long-arm statute.[1]

Plaintiff relies upon subsection (1) of the long-arm statute, which authorizes the exercise of jurisdiction in Georgia over any nonresident who individually or through an

---

[1] Because personal jurisdiction under the circumstances presented here cannot be exercised under the Georgia long-arm statute, this inquiry also ends the analysis, as it is unnecessary for the Court to consider whether the exercise of jurisdiction here would offend due process.

2

agent "[t]ransacts any business within this state." O.C.G.A. § 9-10-91(1).[2] The Eleventh Circuit has instructed the district courts to interpret this language "literally" on a case-by-case basis. *Diamond Crystal Brands*, 593 F.3d at 1259. The Eleventh Circuit described this inquiry as one of mixed law and fact and found the literal definition of the words in the statute instructive. *Id.* at 1264 n.18. Relying on the dictionary definition of the terms, the Court of Appeals explained that "'[t]ransact' means 'to prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on'"; that "'[a]ny' means 'to any extent' or 'in any degree'"; and that "'[b]usiness' means 'activity directed toward some end,' or 'a usually commercial or mercantile activity customarily engaged in as a means of livelihood,' or 'transactions, dealings, or intercourse of any nature.'" *Id.* (quoting Webster's Third New Int'l Dictionary 97, 302, 2425 (1993)). Thus, it appears that "[t]ransacts any business within this state," O.C.G.A. § 9-10-

---

[2] To the extent Plaintiff relies on subsection (2) or (3) of the long-arm statute, those subsections clearly do not apply here. Subsection (2) requires that the defendant or its agent commit a tort within Georgia. O.C.G.A. § 9-10-91(2). The CRMC employees that allegedly discriminated against Plaintiff are not employees or agents of Community Health or Quorum Health. Subsection (3) requires the defendant to regularly do or solicit business in Georgia, to derive substantial revenue from activity in Georgia, or to engage in a persistent course of conduct within Georgia. *Id.* § 9-10-91(3). In light of the Court's ultimate conclusion that Plaintiff failed to show that either Community Health or Quorum Health transacted *any* business in Georgia, it follows that Plaintiff has also failed to show that those entities have engaged in the type of activity required by subsection (3).

3

91(1), literally means that the defendant prosecutes negotiations, carries out, or carries on to any extent or in any degree activity directed toward some end in the state of Georgia, usually of a commercial or mercantile nature but also including transactions, dealings or intercourse of any nature. Quite frankly, the literal dictionary approach is not always helpful. But in this case, the Court does not have to parse the words of Webster.

On the issue of whether Quorum Health and Community Health transact business in Georgia, the present record is essentially indistinguishable from the record presented in *Drumm Corp. v. Wright*, 755 S.E.2d 850 (Ga. Ct. App. 2014). In that case, the Georgia Court of Appeals held that a parent holding company was not subject to jurisdiction under subsection (1) of Georgia's long-arm statute even though it exercised minimal operational control over its Georgia subsidiary. *Id.* at 854–55. Bound by the Georgia appellate courts' interpretation of their long-arm statute, this Court is left with no choice but to grant Quorum Health's and Community Health's motions to dismiss.

As in *Drumm*, Quorum Health and Community Health presented evidence that they are separate and distinct legal entities, that their Georgia subsidiaries are separate and distinct legal entities, that the Georgia subsidiaries are removed from them in the chain of ownership via other subsidiaries, and that they

4

have no control over the internal business operations and affairs of their Georgia subsidiaries. *Cf. id.* at 854. Like the plaintiff in *Drumm*, Plaintiff here failed to point to affidavits or documentary evidence to rebut those facts. There is certainly insufficient evidence to support a finding that Quorum Health and Community Health exercise such control over their subsidiaries that the subsidiaries are merely divisions or departments of their parent companies. *See id.* (relying on almost identical evidence and finding that the plaintiff failed to establish that the parent holding company controlled the subsidiary). Moreover, Plaintiff failed to point to evidence of the amount of earnings that Quorum Health and Community Health derive from their subsidiaries' activities in Georgia, the degree of operational control that they exercise over their subsidiaries, the extent to which they have promulgated policies that the Georgia subsidiaries must follow, and the extent of their involvement in the enforcement of their policies. Instead, the present record establishes that Quorum Health and Community Health, like the defendant in *Drumm*, occupied the status of parent investors. As noted in *Drumm*, engaging in conduct consistent with such status, including monitoring subsidiaries' performance and articulating general policies and procedures, does not constitute "[t]ransact[ing] any business," O.C.G.A. § 9-10-91(1), for purposes of Georgia's long-arm

5

statute.[3]  Accordingly, Quorum Health's and Community Health's motions to dismiss (ECF Nos. 20 & 27) are granted.

IT IS SO ORDERED, this 21st day of March, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] Plaintiff argues that Quorum Health and Community Health adopted an "anti-discrimination policy" for their Georgia subsidiaries and because Plaintiff alleges discrimination claims in his Complaint, adopting such a policy is sufficient for the Court to exercise personal jurisdiction over the parent companies. Plaintiff's brief conflates the principle of transacting business for purposes of the long-arm statute and the related, but separate, constitutional due process requirements, something we have been cautioned to avoid, *see, e.g.*, *Diamond Crystal Brands*, 593 F.3d at 1263 n.15. Pretermitting whether the adoption of such a policy would put these defendants on constitutionally sufficient notice that they could be hailed into court in Georgia to answer statutory claims such as those asserted here, it appears clear from the Georgia Court of Appeals' interpretation of its long-arm statute in *Drumm* that the adoption of this single policy does not constitute "[t]ransact[ing] any business," O.C.G.A. § 9-10-91(1), in Georgia for purposes of the Georgia long-arm statute.